2
SHERI L. CARELLO
Bankruptcy Trustee
P.O. Box 22527
Sacramento, CA 95822-0527
(916)444-8149

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE:                                           CASE NO. 09-46518-A-7
                                                 DC No. SLC-3

**SECOND SOUTHERN SPANISH BAPTIST CHURCH**

DATE: **September 7, 2010**
Debtor(s).                                       TIME: **9:00 AM**
_____/COURTROOM: 28

### TRUSTEE'S MOTION FOR SALE OF REAL PROPERTY

The Motion of SHERI L. CARELLO, as Trustee of the estate of the above-named debtor, respectfully represents:

1. That movant is the duly elected, qualified and acting Trustee of the estate of the above-named debtors

2. That movant has, as such Trustee, possession of the following asset belonging to the debtors' estate:

   611 Amador Street, Vallejo, CA aka 609 Amador Street, Vallejo, CA
   **APN'S: 0056-127-070; 0056-153-260; 155-210/310/320**
   and all contents therein.

3. That it is in the best interest of the estate that said asset be sold in that it will generate cash for the estate and said sale is for the fair market value.

4. The property is currently used as a Church and the prospective purchaser is aware of the condition of the property.

1

5. The Trustee has received an offer from Islamic Center of Vallejo, no relationship to debtor, for the sum of $850,000.00, cash as evidenced by a letter from Mohamed Yunis A. Subedar, Trustee of Islamic Center of Vallejo, attached hereto as Exhibit "A".

6. Any costs of escrow will be split between the estate and the buyer, Islamic Center of Vallejo.

7. An escrow has been opened at Placer Title and the deposit from The Islamic Center of Vallejo in the sum of $100,000.00 has been deposited in the escrow account.

8. There is one lien against the property held by Evergreen Cemetery Association in the approximate sum of $661,222.59. The sale of the property should generate a surplus, which will benefit the debtor as the only creditor in this case is Evergreen Cemetery Association. The subject property was set for a Trustee's sale when this case was filed. If not sold through this Chapter 7 proceeding, the property would be foreclosed and the Debtor would lose all equity in the property.

WHEREFORE, Trustee prays for an Order from this Court allowing her to sell the asset as described herein free and clear of liens and encumbrances.

DATED: 8/9/10

SHERI L. CARELLO, Trustee

2